IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE A. SOLLENBERGER, | : | Civil No. 3:22-cv-1602 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| UNITED STATES OF AMERICA, JOE BIDEN, KAMALA HARRIS, UNITED STATES PRISON, SCI-ROCKVIEW, BOBBI JO SALAMON, | : | |
| Respondents | : | |

FILED
SCRANTON
OCT 17 2022
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Dwayne Sollenberger ("Sollenberger"), an inmate confined at the State Correctional Institution, Rockview, in Bellefonte, Pennsylvania ("SCI-Rockview"), filed this civil rights action pursuant 42 U.S.C. § 1983. (Doc. 1). Sollenberger seeks to proceed *in forma pauperis*. (Doc. 2). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons that follow, the Court will grant the motion to proceed *in forma pauperis* and dismiss the complaint.

**I.   Standards of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process.  See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Sollenberger proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. Discussion

### A. Sollenberger's Complaint

Sollenberger filed this § 1983 action against the United States of America, President Joe Biden, Vice President Kamala Harris, the United States Prison, SCI-Rockview, and Superintendent Bobbi Jo Salamon. (Doc. 1). In the complaint, Sollenberger alleges that he

4

"put forth 6th amendment violation relating to counsel. Further, 5th amendment 'due process' to things like 'no computer that saves.' And most significantly, Exhibit B, How Bayder Rock changed Divorce in America from 50% to 20%." (Doc. 1, p. 5).

Sollenberger has named Defendants who are immune from suit. The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). The present action cannot proceed against President Biden and Vice President Harris because of the complete immunity enjoyed by them in performing the duties of their office. *See Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).

Additionally, Sollenberger has named the United States Prison/Pennsylvania Department of Corrections[1] and SCI-Rockview as Defendants in this action. However, the Department of Corrections and SCI-Rockview are not amenable to suit because they are not persons as required for purposes of § 1983 and are entitled to immunity under the Eleventh Amendment. Eleventh Amendment immunity prevents Sollenberger from suing the Department of Corrections and SCI-Rockview as a matter of law. "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, *see* Pa. Stat. Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania Dep't of Corr.*,

---

[1] Although Sollenberger has named the United States Prison as a Defendant, he is not a federal inmate. Therefore, the Court liberally construes the complaint as attempting to assert a claim against the Pennsylvania Department of Corrections.

5

224 F.3d 190, 195 (3d Cir. 2000). Pennsylvania has not waived this immunity. 42 Pa. Cons. Stat. § 8521(b). Accordingly, the Department of Corrections and SCI-Rockview are not subject to suit.

In addition, after thoroughly reviewing the complaint and applicable law, the Court draws on its judicial experience and concludes that the claims raised by Sollenberger are frivolous and fail to state a claim for relief. Sollenberger failed to provide any specific factual allegations to support a claim against any properly named Defendant. Under the most liberal construction, Sollenberger's complaint fails to state a claim for relief. It neither sets forth the time of the alleged violations to his rights nor does it provide any specific factual averments explaining how his constitutional rights were violated. It also does not identify the particular conduct that harmed him. This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

Based upon the above legal standards, it is clear that Sollenberger failed to properly set forth any factual allegations against any Defendant. Without such factual allegations, it is impossible to conclude that the Defendants deprived Sollenberger of his constitutional rights. As such, the Court will dismiss the complaint as legally frivolous, for failure to state c claim, and based upon certain Defendants' immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and § 1915A(b)(1), (2).

B.  **Leave to Amend**

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Sollenberger. *See Erickson*, 551 U.S. 89. The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Based on the nature of the allegations, and because certain Defendants are entitled to immunity, it is clear that affording Sollenberger leave to amend would be futile.

III.  **Conclusion**

The Court is confident that service of process is unwarranted in this case and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and § 1915A(b)(1), (2). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October ___, 2022